IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANN MICHELLE MARIANO, | ) |
| | ) |
|          Plaintiff, | ) |
| v. | ) Case No. CIV–21–188–JAR |
| | ) |
| KILO KIJAKAZI, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
|          Defendant. | ) |

## OPINION AND ORDER

Plaintiff Ann Michelle Mariano (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only

unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

### Claimant's Background

The claimant was forty-nine years old at the time of the administrative hearing. (Tr. 50). She possesses a high school education and can communicate in English. (Tr. 50). She has worked as a file clerk. (Tr. 98). Claimant alleges that she has been unable to work since June 24, 2014, due to limitations resulting from low blood pressure, depression, anxiety, migraines, fibromyalgia, high cholesterol, asthma, chronic fatigue syndrome, restless leg syndrome, and a learning disability. (Tr. 36, 391)

### Procedural History

Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Luke Liter ("ALJ") issued an unfavorable decision on April 8, 2020. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He

determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) violating agency policy at step five by finding Claimant could perform representative jobs in conflict with the RFC, (2) determining Claimant's severe impairments at step two; and (3) improperly considering the medical opinions.

## Step Five Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of cervical spondylosis, obesity, depression, and somatoform disorder. (Tr. 39). The ALJ concluded that Claimant retained the RFC to perform light work. Specifically, the ALJ found that Claimant is able to lift/carry, push/pull twenty pounds occasionally and ten pounds frequently. Claimant can sit or stand/walk for six hours out of an eight-hour workday. The ALJ limited Claimant in that she can understand, remember, and carry out simple tasks. Claimant can have appropriate interactions with coworkers, supervisors, and members of the general public. (Tr. 44).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of fast food worker, cashier, and furniture rental clerk. (Tr. 50–51). As a result, the ALJ found Claimant was not disabled from June 24, 2014, the alleged onset date through the date last insured, December 31, 2017. (Tr. 51).

Claimant contends that the ALJ erred in his step five analysis. She suggests that the ALJ improperly relied on the Vocational Expert's ("VE") testimony. More specifically, Claimant argues the ALJ's testimony was inconsistent with the RFC because each of the jobs assigned requires a higher reasoning level than Claimant's RFC allows.

In determining the RFC, the ALJ restricted Claimant to understanding, remembering, and carrying "out simple tasks." The VE testified that both the cashier and furniture clerk position required a reasoning level of three. (Tr. 99–100). Additionally, the VE testified that the fast food worker position requires level 2 reasoning. (Tr. 99–100). When asked by the ALJ if someone with a simple task limitation could complete these jobs, the VE testified that they could. (Tr. 99–100). Further the VE testified that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (Tr. 100). This testimony appears to be in direct conflict with the specific definitions of these reasoning levels.

Before an ALJ may rely upon the testimony of a vocational expert at step five, he "must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony. . . ." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). Even after the ALJ asks the vocational expert if his testimony conflicts with the DOT, his obligation is not concluded. An ALJ's responsibility to investigate any discrepancies between the vocational expert's testimony and the DOT remains. Should the ALJ choose to rely upon the vocational expert's testimony without further investigation or inquiry, he does so at his peril.

In this case, despite the ALJ's query as to whether the VE's testimony was consistent with the DOT, the ALJ failed to investigate the discrepancy between the jobs presented and the mental limitation he himself assigned. According to the DOT, the cashier and furniture clerk jobs require a reasoning level of three. DOT 295.357-018, 1991 WL 672589; DOT 211.462-010, 1991 WL 671840. Reasoning level three requires that a claimant "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form." *Id.* The job of fast food worker requires a level two reasoning which is defined as having the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." It is clear that each of these reasoning levels contradict the ALJ's RFC limitation of "simple tasks." On remand, the ALJ shall investigate and reconcile the apparent discrepancy in the expert's testimony.

The Claimant additionally suggests that the ALJ improperly relied on the VE's testimony on absences because during a "probationary period" there would be a zero tolerance for absences. Further, Claimant argues that the ALJ's hypothetical question was not precise because it did not include Claimant's need for breaks due to neuropathy. Claimant does not cite any basis for either of these assertions. As such, this Court will not consider these unsupported claims.

### Step Two Determination

Claimant contends that the ALJ erred at step two because he failed to consider the entire record and all of Claimant's impairments. Specifically, she contends that the ALJ should have found Claimant's migraines and rheumatism

to be severe. Due to the need for the ALJ to reconsider his step five determination, this Court will not consider at this issue at this time. On remand, the ALJ is directed to nonetheless re-analyze and reconsider his step two determination.

## Consideration of Medical Opinions

Claimant argues that the ALJ failed to properly consider the medical evidence of Dr. Larry Lewis. Given the deficiencies in the ALJ's step five analysis, discussion of this opinion is unnecessary. However, on remand the ALJ is directed to re-analyze and reconsider his determination of the medical opinions of record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**DATED** this 30th day of September, 2022.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**